Robert A. Fuentes (SBN 308545)
**LAW OFFICE OF ROBERT A. FUENTES**
P.O. Box 135
Fresno, CA 93707
Telephone: (559) 361-2815
Facsimile:  (559) 570-0248
Email:  robert@robertfuentes.org

Attorneys for Plaintiff VICTORIA MARIE CASTILLO

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| VICTORIA MARIE CASTILLO,<br><br>            Plaintiff,<br><br>    v.<br><br>CITY OF MERCED, OFFICER CHRISTIAN LUPIAN, OFFICER LANCE O'BRIEN, SERGEANT LUIS SOLIS, UNKNOWN LAW ENFORCEMENT OFFICERS,<br><br>            Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>42 U.S.C. § 1983<br>    -Unlawful Detention<br>    -Malicious Prosecution<br>    -Monell Liability<br><br>JURY TRIAL DEMANDED |

TO THE HONORABLE COURT:

   Plaintiff Victoria Marie Castillo, through her undersigned counsel, hereby makes the following allegations against the defendants:

**JURISDICTION AND VENUE**

1. The Court has original jurisdiction pursuant to 28 U.S.C. §§1331 and 1343, as this action is one arising under the United States Constitution and federal civil rights laws.

2. Venue is proper pursuant to 28 U.S.C. § 1391(b)(2) because the incidents giving rise to this action occurred within this judicial district.

///

## PARTIES

3. Plaintiff Victoria Marie Castillo ("Ms. Castillo") is an adult resident of the County of Merced, State of California.

4. Defendant Officer Christian Lupian ("Officer Lupian") is a law enforcement officer with the Merced Police Department. At all relevant times herein, Officer Lupian acted individually and within the course and scope of his employment with the Merced Police Department. He is sued in his personal capacity for acts performed under color of law.

5. Defendant Officer Lance O'Brien ("Officer O'Brien") is a law enforcement officer with the Merced Police Department. At all relevant times herein, Officer O'Brien acted individually and within the course and scope of his employment with the Merced Police Department. He is sued in his personal capacity for acts performed under color of law.

6. Defendant Sergeant Luis Solis ("Sergeant Solis") is a law enforcement officer with the Merced Police Department. At all relevant times herein, Sergeant Solis acted individually and within the course and scope of his employment with the Merced Police Department. He is sued in his personal capacity for acts performed under color of law.

7. Defendant City of Merced ("Merced" or "the City") is a municipal corporation in the County of Merced, State of California. The City operates and is responsible for funding and supervising the Merced Police Department, which is the law enforcement agency with primary jurisdiction for investigating the incidents underlying this action.

8. Plaintiff is ignorant of the true names and capacities of defendants sued herein as Unknown Law Enforcement Officers, and therefore sues said defendants by such fictitious names. Each of the fictitiously named defendants is responsible and liable for the injuries and damages alleged herein. At all relevant times, each was an agent, employee, or partner of one or more co-defendants, and was acting within the scope of such agency, employment, or partnership with the permission, authority, or consent of one or more co-defendants. Plaintiff will amend this complaint to allege the true names and capacities of these defendants when the same are ascertained. Unknown Law Enforcement Officers are sued in their personal capacities for acts performed under color of law.

///

**FACTUAL ALLEGATIONS**

9. Victoria Marie Castillo is an activist in the City of Merced. She is a policy advocate with a nonprofit organization that serves formerly incarcerated women in the Central Valley. Prior to that, she worked as a community organizer with Faith in Merced, previously known as Merced Organizing Project. Faith in Merced is a member of Faith in the Valley and PICO California; and it is a faith- and community-based organization that advocates on such issues as health equity, green jobs, immigration, and mass incarceration. Through her advocacy, Ms. Castillo has recorded on-duty police officers conducting law enforcement activities, as is her constitutional right, and she has assisted community members in filing citizen complaints with the Merced Police Department. Ms. Castillo is thus well known among the Merced law enforcement community.

10. On the night of October 31, 2016, Ms. Castillo received a telephone call from her brother, Antonio Gene Soto. Mr. Soto, who was riding in the passenger seat of a friend's Honda, stated that he and his friend were being stopped by Merced police officers for an unknown reason; and he asked his sister if she could come out to assist him. In his police report, Defendant Officer Christian Lupian stated that he "followed the vehicle due to Hondas being a commonly stolen vehicle." Mr. Soto and his friend pulled into the parking lot of a Sonic restaurant, and were detained by Officer Lupian. Defendant Sergeant Luis Solis and Defendant Officer Lance O'Brien assisted in the detention and questioning of Mr. Soto and his friend.

11. Ms. Castillo then drove to the Sonic restaurant, arriving approximately 20 minutes later. She pulled into the parking lot at a reasonable speed, and she parked her car approximately 60 to 70 feet away from her brother and the defendant officers.

12. Prior to Ms. Castillo's arrival, Mr. Soto overheard Officer Lupian and Officer O'Brien state, "Oh, his sister," and, "Here comes the curbside attorney." He also overheard Sergeant Solis state, "We need to get her on probation," and, "We need to arrest her."

13. As Ms. Castillo began walking toward her brother and the officers, she starting recording with her smart phone. Sergeant Solis then approached Ms. Castillo and said that he knew who she was. He then said that Ms. Castillo needed to provide her driver's license, and that she had committed a traffic violation. Ms. Castillo asked why she needed to show her license, as she had

done nothing wrong. Sergeant Solis then pulled out his handcuffs and told her to put her hands behind her back, and that, if she didn't provide her license, he would arrest her. Not wanting to be arrested, Ms. Castillo provided her driver's license.

14. Sergeant Solis then said that Ms. Castillo had "broke traction" with her tires, and so he was going to give her a ticket. Ms. Castillo responded that she was driving at a normal speed into a private parking lot, and thus there was no justification for a ticket.

15. Sergeant Solis also asked Ms. Castillo for her vehicle registration and proof of insurance. Ms. Castillo provided both. Sergeant Solis replied that her insurance had expired. In actuality, Ms. Castillo had current insurance coverage; and she informed Sergeant Solis that she could call her insurance provider, Farmers Insurance, to prove it. Vehicle Code section 16028(a) explicitly states that "evidence of financial responsibility may be provided using a mobile electronic device." However, Ms. Castillo was unable to reach an insurance agent, and Sergeant Solis gave her a ticket. Later, Ms. Castillo discovered that two proofs of insurance were stuck together— the expired proof was on top, while the current proof was underneath. Sergeant Solis of course had not looked at the documents carefully.

16. While interacting with Sergeant Solis, Ms. Castillo overheard Officer O'Brien ask multiple times if she would be arrested. Ms. Castillo understood this to mean that Officer O'Brien wanted her to be arrested, though he did not provide a justification.

17. Sergeant Solis then gave Ms. Castillo a citation, charging her with one count of driving without evidence of financial responsibility (Vehicle Code section 16028(a)), an infraction, and one count of reckless driving (Vehicle Code section 23103(b)), a misdemeanor.

18. In fact, Ms. Castillo had not committed either of these offenses, and there was no probable cause that she had done so. As stated above, Ms. Castillo provided Sergeant Solis with up-to-date proof of insurance. In addition, Vehicle Code section 23103(b) requires "willful or wanton disregard for the safety of persons or property." As described above, Ms. Castillo drove into the parking lot at a reasonable speed, and she parked 60 to 70 feet away from any person, vehicle, or building. These actions were nowhere near the "willful or wanton disregard for safety" required by the statute.

19. On January 13, 2017, Ms. Castillo was charged in a criminal complaint with one count of driving without evidence of financial responsibility (V.C. 16028(a)), an infraction, and one count of speed exhibition (V.C. 23109(c)), a misdemeanor. The original reckless driving charge was omitted.

20. Again, Ms. Castillo had not committed either of these offenses, and there was no probable cause that she had done so. As explained above, Ms. Castillo indeed had proof of financial responsibility at the time she was cited. Moreover, Vehicle Code section 23109(c) prohibits "motor vehicle exhibition of speed on a highway." Not only was Ms. Castillo driving at a reasonable speed, she was in a private parking lot.

21. Unsurprisingly, on February 23, 2017, the District Attorney's Office (DA) filed a motion to reduce the speed exhibition charge from a misdemeanor to an infraction. However, Ms. Castillo, through her counsel, opposed this motion. Thereafter, the DA moved to dismiss the charge. It was dismissed on April 17, 2017.

22. On May 4, 2017, Ms. Castillo, through her attorney, provided the District Attorney's Office with proof that her vehicle insurance was up to date at of the time of the incident. Thereafter, the DA moved to dismiss the charge of driving without evidence of financial responsibility. It was dismissed on May 23, 2017.

### CAUSES OF ACTION

### FIRST CAUSE OF ACTION
Violation of 42 U.S.C. § 1983 – Unlawful Detention
(Against All Individual Defendants)

23. Plaintiff Victoria Marie Castillo re-alleges and incorporates by reference the foregoing paragraphs of this complaint as though fully set forth herein.

24. Defendants Officer Lupian, Officer O'Brien, and Sergeant Solis, and Unknown Law Enforcement Officers, acting under color of law, unlawfully detained Ms. Castillo. The individual defendants detained Ms. Castillo without reasonable suspicion that he she committed a crime, thereby depriving her of constitutionally protected rights, including the right to be free from unreasonable searches and seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

25. As a proximate result of this misconduct, Ms. Castillo has suffered and will continue to suffer damages in terms of lost earnings, attorney's fees, and other pecuniary losses. Ms. Castillo has also suffered and will continue to suffer emotional injuries, including pain, stress, anxiety, humiliation, fright, shock, and sleeplessness.

**SECOND CAUSE OF ACTION**
Violation of 42 U.S.C. § 1983 – Malicious Prosecution
(Against All Individual Defendants)

26. Plaintiff Victoria Marie Castillo re-alleges and incorporates by reference the foregoing paragraphs of this complaint as though fully set forth herein.

27. Defendants Officer Lupian, Officer O'Brien, and Sergeant Solis, and Unknown Law Enforcement Officers, acting under color of law, maliciously prosecuted Ms. Castillo. Specifically, the individual defendants caused Ms. Castillo to be prosecuted for criminal offenses without probable cause, with the intent of denying her the right to be free from unreasonable seizures, as guaranteed by the Fourth and Fourteenth Amendments to the United States Constitution.

28. Ms. Castillo's criminal proceeding ended in her favor when the Merced County Superior Court granted motions by the District Attorney's Office to dismiss the charges against her.

29. As a proximate result of the defendants' misconduct, Ms. Castillo has suffered and will continue to suffer damages in terms of lost earnings, attorney's fees, and other pecuniary losses. Ms. Castillo has also suffered and will continue to suffer emotional injuries, including pain, stress, anxiety, humiliation, fright, shock, and sleeplessness.

**THIRD CAUSE OF ACTION**
Violation of 42 U.S.C. § 1983 – Monell Liability
(Against Defendant City of Merced)

30. Plaintiff Victoria Marie Castillo re-alleges and incorporates by reference the foregoing paragraphs of this complaint as though fully set forth herein.

31. Ms. Castillo is informed and believes, and thereon alleges, that the City of Merced's policies, practices, or customs were a moving force behind the constitutional violations set forth in the First and Second Causes of Action. The City has failed to adequately train, investigate, discipline, or supervise its law enforcement officers. Notwithstanding any formal written policies

that may exist, law enforcement personnel in the Merced Police Department are permitted as a practical matter to unlawfully detain, arrest, and cite persons with impunity, with no meaningful scrutiny, consequences, or changes made in response to incidents where persons are detained, arrested, or cited without adequate reasonable suspicion or probable cause. Ms. Castillo will supplement the bases for municipal liability as discovery proceeds.

32. As a proximate result of the aforementioned policies, practices, or customs of Fresno County, Ms. Castillo has suffered and will continue to suffer the injuries and damages alleged hereinabove.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays for the following relief:

1. For general and special damages against each defendant in an amount proven at trial;
2. For punitive damages against the individual defendants in an amount appropriate to punish and to deter others from engaging in similar misconduct;
3. For any and all statutory damages and penalties;
4. For costs and reasonable attorney's fees pursuant to 42 U.S.C. § 1988, and as otherwise authorized by law;
5. For other such relief as the Court may deem proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby demands a trial by jury as to all her claims for relief.

DATED: October 11, 2018

                                              */s/ Robert A. Fuentes*
                                              ROBERT A. FUENTES
                                              Attorney for Plaintiff VICTORIA MARIE CASTILLO